IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue NW <br> Washington, DC 20530 <br><br> Defendant. | Civil Action No. |

**COMPLAINT**

Plaintiff, Judicial Watch, Inc. ("Plaintiff") brings this action against Defendant U.S. Department of Justice ("Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice ("DOJ") is an agency of the United States government and is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530. Defendant has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On March 27, 2024, Plaintiff submitted a FOIA request via the web portal to the DOJ seeking the following records:

> 1. All records of communications including, but not limited to, emails and text messages between Justice Department officials and officials of the Central Intelligence Agency regarding Hunter Biden and/or Hunter Biden's attorney, Kevin Morris.
>
> 2. All handwritten notes, memoranda, reports, cables, calendar entries and other records relating to any meetings between Justice Department officials and CIA officials regarding Hunter Biden's attorney, Kevin Morris.

The time frame for the requested records was "January 1, 2021, to present."

6. On March 27, 2024, Defendant acknowledged receipt of the submitted request providing the confirmation ID number 1136946.

7. On May 23, 2024, the Criminal Division acknowledged receipt of the request, but refused to confirm or deny the existence of the requested records "pursuant to Exemptions 6 and 7(C) of the FOIA. 5 U.S.C. §552(b)(6), (7)(C)."

8. On May 29, 2024, Plaintiff appealed the decision via DOJ web portal.

9. On May 29, 2024, Defendant acknowledged receipt of the appeal, and provided a letter with an appeal number stating that the appeal would be considered in the order it was received.

10. On August 21, 2024, Defendant affirmed the Criminal Division's denial of the requested information.

11. As of the date of this Complaint, Defendant has failed to produce the requested records or demonstrate that the requested records are lawfully exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

12. Plaintiff realleges paragraphs 1 through 12 as if fully stated herein.

13. Defendant is in violation of FOIA.

14. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

15. Plaintiff has no adequate remedy at law.

16. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request, which occurred when Defendant denied Plaintiff's administrative appeal on April 19, 2023. Plaintiff therefore has exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant

- 4 -

to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: March 6, 2025  Respectfully Submitted,

*/s/ Christina Bobb*
Christina Bobb
D.C. Bar No. 90021326
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:  (202) 646-5172
Email: cbobb@judicialwatch.org

*Counsel for Plaintiff*